**Saul v. Spring Valley Fitness, Inc.**

C.P. of Berks County, No. 11-4762

*Alan B. Zeiger,* for plaintiffs.
*Barrie B. Gehrlein,* for defendant.

SPRECHER, *J.*, July 21, 2014—This is an interlocutory appeal. Plaintiffs appeal the order dated May 6, 2014, which denied their motion to file fourth amended complaint in order to include a request for punitive damages. This opinion is filed pursuant to Pa. R.A.P. 1925.

## FACTS

Plaintiffs, Melanie Beth Saul (hereinafter, Mother) and Peter Allyn Weachter, are the parents of Madison Jade Weachter (hereinafter, Child) who was born on February 9, 2003. Mother was a member of defendant's gym and work-out center. Defendant has a 7,200 square foot child's play area entitled "Kidsmazium" which contains a "Kids Court" for the children to utilize while their parents are enjoying the use of the facilities. Defendant advertises that the Kidsmazium is safe and supervised by personnel.

On June 14, 2010, Mother placed Child in the Kidsmazium while she was working out. While Child was playing there, Child fell from the red roller and trapped her left fingers between the yellow bar and blue pad which resulted in a fracture to her left arm. Mother contends that

defendant did not give any written or verbal warnings or guidance to either Mother or Child regarding any dangerous conditions or avoidance of accidents.

Plaintiffs seek damages for defendant's negligence and carelessness. Approximately one week before this incident, another child fell from the climbing wall and broke a wrist. That child was a daughter of defendant's employee who was present at the time of the accident. There was a staff meeting following the first child's injury. There is contradictory testimony in the depositions concerning the training and supervision of the staff by Christopher Emkey, the owner and operator of defendant.

Plaintiffs' expert, Leonard K. Lucenko, B.A., M.A., Ph.D, BCFE, ASSE, LCC, who is a certified playground safety inspector, presented a report in which he opined that there was a gross deviation from the reasonable and prudent standards of care and practice by the operator, management, and staff of defendant in the operation, management, and supervision of the Kids Court and Kidsmazium on the date of this incident. It was his professional opinion as a certified playground safety inspector and a recreation and fitness safety and risk management expert that Child's injuries were the direct result of the reckless indifference and negligent omissions and commissions of defendant's operator, management, and staff.

Based on the expert's report and the prior injury of another child one week before the instant accident, plaintiffs contend that punitive damages are warranted in the case *sub judice*. By order dated May 6, 2014, this court denied plaintiffs' request for punitive damages at this time. If more evidence was produced during the trial of the case, this court would then have addressed the issue again. Plaintiffs filed a timely appeal.

318

## ISSUES

Plaintiffs raise the following issues in their concise statement of errors complained of on appeal.

1. Is this court's order of May 6, 2014 on its face inconsistent, contradictory, unclear, and subject to numerous interpretations so that it is contrary to law and violates due process under the United States and Pennsylvania Constitutions?

2. Have plaintiffs pled and established facts of reckless indifference by defendant which would permit a factfinder to return an award of punitive and/or exemplary damages in this case?

3. Would the inclusion of plaintiffs' requested amendment in this case to include a claim for exemplary and/or punitive damages avoid the necessity of two trials in this case?

4. Plaintiffs reserve the right to add additional issues on appeal should that be deemed necessary.

## DISCUSSION

This court submits that plaintiffs' appeal is interlocutory and should be quashed. Assuming arguendo that it is not quashed, it shall address the issues seriatim. Plaintiffs first contend that the order dated May 6, 2014 is inconsistent, contradictory, unclear, and subject to numerous interpretations so that it is contrary to law and violates due process under the United States and Pennsylvania Constitutions. This contention is without merit.

This court granted plaintiffs the right to file a fourth amended complaint; however, it denied the claim for damages "at this time." Throughout plaintiffs' filing of

the original complaint and the three amended complaints, this court informed plaintiffs that it did not believe that the evidence supported a claim for punitive damages. It also notified plaintiffs that after all of the evidence was produced at trial, this court would then re-evaluate a request for punitive damages at that time. Thus, the order is not subject to numerous interpretations to the extent that it is contrary to law and violates due process; moreover, the plaintiffs understood the order as is evidenced by their interlocutory appeal.

Plaintiffs next submit that they have pled and established facts of reckless indifference which would permit a fact-finder to return an award of punitive and/or exemplary damages in this case. This assertion is meritless.

Punitive damages may be appropriately awarded only when the plaintiff has established that the defendant has acted in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others. A defendant acts "recklessly" and may be held liable for punitive damages when his conduct creates an unreasonable risk of physical harm to another and such risk, is substantially greater than that which is necessary to make his conduct negligent. A showing of mere negligence or even gross negligence will not suffice to establish that punitive damages should be imposed. Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to intentional, willful, wanton, or reckless conduct. *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439 (2005).

In the case *sub judice*, plaintiffs' claim for punitive damages is based on defendant's failure to supervise as shown by one prior incident approximately one week

before Child's accident. There is insufficient evidence to show defendant's conduct was wanton, malicious, or based on an evil motive. At best at this time, plaintiffs have presented evidence that defendant's owner and staff have been inept and committed gross negligence in the supervision of Child. A punitive damages claim must be supported by evidence sufficient to establish that (1) defendant had a subjective appreciation of the risk of harm to which plaintiff was exposed, and that (2) he accepted, or failed to act, as the case may be, in conscious disregard of that risk. *Hutchinson v. Luddy*, 582 Pa. 114, 870 A.2d 766 (2005).

Plaintiffs' third issue is that the inclusion of a claim for exemplary and/or punitive damages would avoid the necessity of two trials. This complaint is a frippery.

There will be just one trial, whether or not the punitive damages claim is later granted. Plaintiffs need to present all their evidence, including expert reports, in order to establish ordinary or common negligence. Based on a complete record, this court would then determine if the issue of punitive damages would be allowed to go to the jury. There is no need for a second trial, and this court did not anticipate the need for a second trial.

Plaintiffs' fourth statement is that they reserve the right to address additional issues on appeal should that be deemed necessary. Pursuant to Pa. R.A.P. 1925(b)(4), all issues not raised in the statement are deemed waived. Plaintiffs cannot reserve potential issues to a later date.

In accordance with the foregoing opinion, this court submits that plaintiffs' appeal should be quashed or denied and its order affirmed.